1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   COMMERCIAL CREDIT GROUP INC., a        No.  2:21-cv-01020 JAM AC
     Delaware corporation,
12
                     Plaintiff,
13                                           FINDINGS AND RECOMMENDATIONS
             v.
14
     SHR TRANSPORT, INC., a California
15   corporation; JASWINDER SINGH, an
     individual; RANGIT SINGH BAINS, an
16   individual,

17                   Defendants.

18

19        This matter is before the court on plaintiff's motion for default judgment.  ECF No. 24.

20   The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19).  This motion was

21   set for hearing on the papers on October 5, 2022.  ECF No. 24.  Defendants have not appeared or

22   submitted any response.  For the reasons set forth below, the undersigned recommends plaintiff's

23   motion be GRANTED.

24                          **I.      Relevant Background**

25        Plaintiff brought its complaint in federal court based on diversity jurisdiction on June 8,

26   2021, alleging one count of possession of personal property with a requested remedy of claim and

27   delivery with respect to vehicles used as collateral on two loans.  ECF No. 1.  The complaint

28   alleges, in relevant part, as follows.

                                              1

Defendant SHR Transport Inc. ("Borrower") entered into a Negotiable Promissory Note and Security Agreement dated May 7, 2018, in the sum of $849,615.00 evidencing a loan made by plaintiff to Borrower.  ECF No. 1 at 2.  In connection with the loan, Borrower executed a Security Agreement granting a lien to plaintiff in certain personal property described therein ("Note 1").  Id.  Pursuant to the terms of Note 1 as amended by a First Amendment to Security Agreement, Borrower was to make 39 monthly installment payments of $21,785.00 until the loan evidenced by Note 1 was paid in full.  Id. at 3.  A copy of Note 1 is attached to the Complaint, marked Exhibit "1," and is incorporated into the Complaint by reference.  Id.  In connection with Note 1 the Borrower granted plaintiff a blanket lien on all its assets (collectively "the Collateral"). Id.  The grant of a security interest in the specific items of Collateral which are vehicles are set forth in section 26 of Note 1.  Id.  Plaintiff perfected its liens on the Collateral by filing UCC-1 Financing Statements on April 13, 2018, and on June 3, 2020, which are attached as Exhibits "3" and "4" and are incorporated into the Complaint.  Id.  With respect to the specific vehicles pledged as collateral, plaintiff was named as the lienholder on the titles for the collateral vehicles with the Department of Motor Vehicles perfecting its liens, documents attached to the Complaint as Exhibit "5."  Id.

On or about January 23, 2020, plaintiff made a second loan to Borrower in the sum of $1,104,064.00 pursuant to the terms of a Negotiable Promissory Note and Security Agreement whereby Borrower was to make 12 monthly payments of $12,000.00 followed by 28 monthly payments of $34,288.00 until the loan was paid in full.  Id. at 4.  A copy of the Negotiable Promissory Note and Security Agreement and the First Amendment thereto is attached to the Complaint, marked Exhibit "6" and is incorporated into the Complaint by reference ("Note 2"). Id.  By an Amendment to Negotiable Promissory Note and Security Agreement/Lease/ Conditional Sale Contract, Borrower agreed that the sum due and payable was $1,142,396.00 and commencing June 15, 2020, and on the 15th day of each month thereafter was obligated to make 12 monthly payments of $12,000.00 and 28 monthly payments of $35,657.00 until the loan evidenced by Note 2 was paid in full.  Id.  A copy of the Amendment to Negotiable Promissory Note and Security Agreement/Lease/Conditional Sale Contract is attached to the Complaint,

marked Exhibit "7" and is incorporated to the Complaint by reference ("Note 2 Amendment"). Id.  In connection with entering Note 2, Borrower once again granted plaintiff a blanket lien on the Collateral together with a Security Interest in the specific vehicles set forth in Section 26 of Note 2.  Copies of the UCC-1 Financing Statements perfecting Plaintiff's liens on the Collateral and the Specific Vehicles set forth in Section 26 of Note 2 are attached to the Complaint, marked Exhibit "8," and are incorporated by reference.  Id.  Plaintiff perfected its lien on Note 2 Specific Vehicles by being lienholder on the title to the Note 2 Vehicles.  Copies of the Titles to the Note 2 Vehicles showing plaintiff as a lienholder are attached to the Complaint, marked Exhibit "9," and are incorporated by reference.  Id. at 5.

In connection with entering the loans with Borrower, individual named defendants Singh and Bains executed a Guaranty, individually obligating themselves to pay all sums due and payable by Borrower to Plaintiff.  Id. at 5.  A copy of the Guaranty is attached to the Complaint, marked Exhibit "10," and is incorporated by reference.  Id.  Plaintiff has performed all conditions, covenants, and promises it is required to perform in accordance with the terms of all loan documents entered between plaintiff, on the one hand, and Defendants, and each of them, on the other hand.  Id.  Defendants, and each of them, have defaulted on Note 1 and Note 2 and the Second Amendment and Note 2 Amendment and Bains and Singh have defaulted on the Guaranties.  Id.

With respect to the Loans, the Defendants made irregular payments for months and failed to make the payment due on Note 1 for December 2020, and each month thereafter.  Id.  Demand has been made on Defendants to pay the sums due but Defendants, and each of them, have failed to do so.  Id.  Plaintiff has declared all sums due and payable, and the following sums are due: (a) Note 1: Principal in the sum of $168,546.64, interest in the sum of $1,179.83; the total sum due is $169,726.47; (b) Note 2: Principal in the sum of $801,643.10, interest in the sum of $5,611.50, repossession expenses and other fees in the sum of $2,501.24; the total Sum due is $809,755.84. Id. at 5-6.  Demand was made on Defendants, and each of them, to pay all sums due, but they failed and refused to do so.  Id. at 6.  As a result, as of April 5, 2021, plaintiff was owed a total of $ 979,482.31.  Id.

3

A summons in this case was issued to defendant on June 9, 2021 (ECF No. 3) and summons were returned executed as to each defendant on July 16, 2021.  ECF Nos. 7,  8, 9.  On September 2, 2021, upon plaintiff's motion, the Honorable District Judge John A. Mendez issued an Order for Writ of Possession following a hearing.  ECF No. 14.  Judge Mendez found defendants had properly been served, that plaintiff had established the probable validity of claims to possession as to the identified vehicles.  ECF No. 14 at 2.  The Clerk of Court was directed to issue a writ of possession and defendants were ordered to transfer the possession of the property at issue.  Id. at 4.  The writ of possession was issued on October 5, 2021.  ECF No. 17.

Defendants have not appeared, and plaintiff moved for entry of default on August 24, 2022.  ECF No. 22.  The clerk entered default on August 25, 2022.  ECF No. 23.  Plaintiff moved for default judgment on August 31, 2022.  Defendants did not respond to the motion for entry of default judgment and have not otherwise appeared in this case.

## II.    Motion

Defendant moves for default judgment on its single claim of possession of personal property, seeking the following relief: that Default Judgment be entered in favor of Plaintiff Commercial Credit Group, Inc., a Delaware corporation and against Defendants SHR Transport, Inc., a California corporation, Jaswinder Singh, and Rangit Singh Bains, and each of them, for Claim and Delivery and for the immediate possession of the vehicles described as follows:

1. 2015 Utility Trailer VIN: 1UYVS2532FU238207, License plate number 4NK7336,

2. 2013 Utility Trailer VIN: 1UYVS2535DU711515,

3. 2013 Utility Trailer VIN: 1UYVS2539DU711520,

4. 2013 Utility Trailer VIN: 1UYVS2533DU693516; and

5. 2015 Volvo VIN: 4V4NC9EJ7FN923062

ECF No. 24-4 at 2.  Defendants have not appeared or filed any response.

## III.    Analysis

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

4

against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").  A party's default conclusively establishes that party's liability, although it does not establish the amount of damages.  Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

1        (1) The Eitel Factors

2            1.   Factor One: Possibility of Prejudice to Plaintiff

3        The first Eitel factor considers whether the plaintiff would suffer prejudice if default

4    judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a

5    default judgment.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Here, plaintiff would suffer

6    prejudice if the court did not enter a default judgment because it would be without recourse for

7    recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

8            2.   Factors Two and Three: Merits of Claims and Sufficiency of Complaint

9        The merits of plaintiff's substantive claims and the sufficiency of the complaint are

10   considered here together because of the relatedness of the two inquiries.  The court must consider

11   whether the allegations in the complaint are sufficient to state a claim that supports the relief

12   sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175.  Here, the merits

13   of the claims and sufficiency of the complaint favor entry of default judgment.

14       "Claim and delivery," is a California State law remedy identical to the federal remedy

15   known as replevin; it is "a method of recovering property that is wrongfully being withheld by

16   another."  Trans Pacific Nat. Bank v. UBS AG, 2010 WL 2354165, at *4 (N.D. Cal. June 9,

17   2010); see Penske Truck Leasing Co., L.P. v. I-10 Towing & Recovery, Inc., 2019 WL 6736905,

18   at *3 (C.D. Cal. Mar. 11, 2019).  "Claim and delivery is not a separate action but is a remedy that

19   permits a prevailing party to recover both specific property and incidental damages."  Xerox

20   Corp. v. AC Square, Inc., 2016 WL 5898652, at *3 (N.D. Cal. Sept. 1, 2016) (emphasis added).

21   This remedy is available in actions for the code-based cause of action Recovery of Specific

22   Personal Property, such as this one.  Eleanor Licensing LLC v. Classic Recreations LLC, 21 Cal.

23   App. 5th 599, 612, (2018); Cal. Code Civ. Proc., § 627; Christofferson v. All Pure Pool Serv. of

24   Cent. California, Inc., No. 1:18-cv-01370-AWI-SAB, 2020 WL 3249323, at *14 (E.D. Cal. June

25   16, 2020), report and recommendation adopted sub nom. Christofferson, v. All Pure Pool Serv. of

26   Cent. California, Inc, No. 1:18-cv-01370-AWI-SAB, 2020 WL 3819413 (E.D. Cal. July 8, 2020).

27   To be entitled to this remedy, the plaintiff "must show (1) that it has a right to possess the

28   equipment in question and (2) that [the defendant] is in wrongful possession of the equipment."

1  <u>Xerox Corp. v. CBFS, Inc.</u>, 2013 WL 12203040, at *4 (C.D. Cal. May 23, 2013).

2  Here, plaintiff has incorporated the necessary documentation into the complaint (ECF No.

3  1) showing its right to possession of the property at issue and that defendants are in wrongful

4  possession.  Additionally, Judge Mendez has already issued a Writ of Possession as to the

5  property at issue.  ECF No. 17.  These factors weigh heavily in favor of default judgment.

6          3.  <u>Factor Four: The Sum of Money at Stake in the Action</u>

7  Under the fourth <u>Eitel</u> factor, the court considers the amount of money at stake in relation

8  to the seriousness of defendant's conduct.  The requested remedy in this case is not for money but

9  for possession of the Repossession Vehicles.  Because the requested vehicles were specifically

10  named in the Notes at issue and are already subject to the writ of possession, the court finds this

11  factor weighs in favor of the court entering default judgment against defendants.

12          4.  <u>Factor Five: Possibility of Dispute Concerning Material Facts</u>

13  The facts of this case are relatively straightforward, and plaintiff has provided the court

14  with well-pleaded allegations supporting its claims.  Here, the court may assume the truth of well-

15  pleaded facts in the complaint following the clerk's entry of default and, thus, there is no

16  likelihood that any genuine issue of material fact exists.  <u>See, e.g.</u>, <u>Elektra Entm't Group Inc. v.</u>

17  <u>Crawford</u>, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded

18  complaint are taken as true after the court clerk enters default judgment, there is no likelihood that

19  any genuine issue of material fact exists."); <u>accord</u> <u>Philip Morris USA, Inc.</u>, 219 F.R.D. at 500;

20  <u>PepsiCo, Inc.</u>, 238 F.Supp.2d at 1177.

21          5.  <u>Factor Six: Whether Default Was Due to Excusable Neglect</u>

22  Upon review of the record before the court, there is no indication that the default was the

23  result of excusable neglect.  <u>See</u> <u>PepsiCo, Inc.</u>, 238 F.Supp.2d at 1177.  Plaintiff served the

24  defendants with the summons and complaint.  ECF Nos. 7, 8, and 9.  Further, plaintiff served

25  defendants by mail with notice of its application for default judgment.  ECF No. 24-5.  Despite

26  ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendants failed

27  to appear in this action.  Thus, the record supports a conclusion that the defendants have chosen

28  not to defend this action, and not that the default resulted from any excusable neglect.

1    Accordingly, this <u>Eitel</u> factor favors the entry of a default judgment.

2          6.   <u>Factor Seven: Policy Favoring Decisions on the Merits</u>

3          "Cases should be decided upon their merits whenever reasonably possible."  <u>Eitel</u>, 782

4    F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

5    alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

6    <u>PepsiCo, Inc.</u>, 238 F.Supp.2d at 1177; <u>see also</u> <u>Craigslist, Inc. v. Naturemarket, Inc.</u>, 694

7    F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Accordingly, although the court is cognizant of

8    the policy favoring decisions on the merits – and consistent with existing policy would prefer that

9    this case be resolved on the merits – that policy does not, by itself, preclude the entry of default

10   judgment.

11         7.   <u>Conclusion: Propriety of Default Judgment</u>

12         Upon consideration of all the <u>Eitel</u> factors, the court concludes that plaintiff is entitled to

13   the entry of default judgment against defendant.

14         (2) <u>Terms of Judgment</u>

15         Plaintiff seeks the remedy of claim and delivery and has proven its entitlement to a default

16   judgment.  It is therefore recommended judgment for Claim and Delivery and for the immediate

17   possession of the vehicles described as follows:

18         1. 2015 Utility Trailer VIN: 1UYVS2532FU238207, License plate number 4NK7336,

19         2. 2013 Utility Trailer VIN: 1UYVS2535DU711515,

20         3. 2013 Utility Trailer VIN: 1UYVS2539DU711520,

21         4. 2013 Utility Trailer VIN: 1UYVS2533DU693516; and

22         5. 2015 Volvo VIN: 4V4NC9EJ7FN923062

23   be entered in this case.  Plaintiff is not seeking money damages.

24         **IV.    Conclusion**

25   It is RECOMMENDED THAT:

26         1.  Plaintiff's motion for default judgment, (ECF No. 24) be granted;

27         2.  The court enter judgment against the defendants on the action for recovery of specific

28   personal property with the remedy of claim and delivery of the above specified vehicles; and that

3.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 13, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9